Gary E. Jubber, A1758
Ashton J. Hyde, A13248
FABIAN & CLENDENIN
 A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone:  (801) 531-8900

*Attorneys for Gary E. Jubber, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>BRM FAMILY, LLC,<br><br>Debtor. | **MOTION TO APPROVE SALE OF PROPERTY OF THE ESTATE**<br><br>Bankruptcy Case No. 09-21687<br>(Chapter 7)<br><br>Honorable R. Kimball Mosier |

Gary E. Jubber, the duly appointed Chapter 7 Trustee of the above-captioned bankruptcy estate (the "**Trustee**"), hereby moves this court, pursuant to 11 U.S.C. § 363(b), for an order approving the sale of property of the estate.  In support of this motion, the Trustee represents as follows:

1. On March 2, 2009,  BRM Family, LLC (the "**Debtor**") filed a voluntary, Chapter 11 petition commencing the above-captioned bankruptcy case (the "**Bankruptcy Case**").  The Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code on April 15, 2009.

2. Thereafter, Gary E. Jubber was duly appointed as the Chapter 7 Trustee of Debtor's bankruptcy estate.

3. On September 13, 2010, the Trustee initiated suit against Benjamin R. Magelsen and Jessica L. Magelsen (collectively, the "**Magelsens**") commencing the matter entitled *Jubber v. Magelsen, et al.*, Adversary Proceeding No. 10-02709 (the "**Magelsen Proceedings**"). In the Magelsen Proceedings, the Trustee alleged fraudulent and preferential transfer claims against the Magelsens on behalf of the Debtor's bankruptcy estate.

4. On August 15, 2012, the Trustee obtained a Judgment against the Magelsens, jointly and severally, in the Magelsen Proceedings in the amount of $135,000.00 (the "**Judgment**").

5. The Judgment is property of the Debtor's bankruptcy estate.

6. On May 1, 2013, the Trustee entered into that certain Assignment and Purchase Agreement (the "**Purchase Agreement**") with Don Armstrong ("**Armstrong**"). A true and correct copy of the Purchase Agreement is attached hereto as "**Exhibit A**."

7. Pursuant to the Purchase Agreement, the Trustee has agreed to sell, assign and otherwise transfer to Armstrong the bankruptcy estate's interest in the Judgment in exchange for payment of $8,125.00.

8. Pursuant to the Purchase Agreement, the Judgment is to be transferred on an "as-is, where-is" basis without any warranties or representations of any kind.

9. The Purchase Agreement is subject to approval by this Court.

10. In the exercise of his business judgment, the Trustee believes that the sale of the Judgment, pursuant to the terms and conditions in the Purchase Agreement, represents fair value for the Judgment and is in the best interest of creditors and the bankruptcy estate.

11. Armstrong asserts that time is of the essence and desires for the sale to take effect as soon as practicable. As such, the parties respectfully request that the Court's order not be stayed pursuant to Federal Rules of Bankruptcy Procedure 6004(h) so that the sale can be finalized immediately upon Court approval.

**WHEREFORE**, the Trustee requests that the Court, pursuant to 11 U.S.C. § 363(b), enter an order:

A. Approving the Purchase Agreement;

B. Authorizing the sale of the Judgment pursuant to the terms and conditions contained in the Purchase Agreement;

C. Authorizing the Trustee to execute such documents as may be necessary and appropriate to effect, implement and consummate a sale of the Judgment;

D. Providing that the sale as described herein not be stayed pursuant to Federal Rules of Bankruptcy Procedure 6004(h); and

E. For such other and further relief as the court deems just and equitable.

DATED this 3rd day of May, 2013.

/s/ Ashton J. Hyde
Gary E. Jubber
Ashton J. Hyde
FABIAN & CLENDENIN
*Attorneys for Gary E. Jubber, Chapter 7 Trustee*

# EXHIBIT A

(Purchase Agreement)

4829-5941-9411, v. 1

## ASSIGNMENT AND PURCHASE AGREEMENT

This ASSIGNMENT AND PURCHASE AGREEMENT (the "**Agreement**") is made and entered into by and between GARY E. JUBBER, solely in his capacity as the chapter 7 trustee of the BRM Family, LLC bankruptcy estate (the "**Trustee**") and DON ARMSTRONG ("**Armstrong**"). The Trustee and Armstrong are sometimes referred to hereinafter individually as a "Party" or collectively as the "Parties."

### RECITALS:

A. On March 2, 2009 (the "**Petition Date**"), BRM Family, LLC (the "**Debtor**") filed a voluntary, Chapter 11 petition commencing *In re BRM Family, LLC*, Bankr. No. 09-21687 (the "**Bankruptcy Case**"). The Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code on April 15, 2009.

B. Thereafter, Gary E. Jubber was duly appointed as the Chapter 7 Trustee of Debtor's bankruptcy estate.

C. On September 13, 2010, the Trustee initiated suit against Benjamin R. Magelsen and Jessica L. Magelsen (collectively, the "**Magelsens**") commencing the matter entitled *Jubber v. Magelsen, et al.*, Adversary Proceeding No. 10-02709 (the "**Magelsen Proceedings**"). In the Magelsen Proceedings, the Trustee alleged fraudulent and preferential transfer claims against the Magelsens on behalf of the Debtor's bankruptcy estate.

D. On August 15, 2012, the Trustee obtained a Judgment against the Magelsens, jointly and severally, in the Magelsen Proceedings in the amount of $135,000.00 (the "**Judgment**"). A true and correct copy of the Magelsen Judgment is attached hereto as "**Exhibit A**."

E. Armstrong desires to purchase the bankruptcy estate's interest in the Judgment from the Trustee and the Trustee has agreed to sell the Judgment to Armstrong upon the terms and conditions provided in this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

### AGREEMENT:

1. <u>Bankruptcy Estate's Interest in Judgment.</u> Subject to the approval of the Bankruptcy Court, in consideration for payment of $8,125.00, receipt of which is hereby acknowledged, the Trustee agrees to sell, assign and otherwise transfer to Armstrong the bankruptcy estate's interest in the Judgment.

2. <u>Bankruptcy Court Approval</u>. This Agreement is subject to and conditioned upon approval of the United States Bankruptcy Court for the District of Utah (the "**Bankruptcy Court**") in the Bankruptcy Case. Upon execution of this Agreement, the Trustee agrees to file a

motion with the Bankruptcy Court seeking such approval. If no order is entered approving this Agreement (but not in the event of any proceeding brought to enforce or interpret this Agreement), the Parties acknowledge and agree that this Agreement, and all negotiations and proceedings connected with this Agreement, shall be without prejudice to the rights or remedies of the Parties, and no part of this Agreement, or any statement by any party, any finding of fact or any conclusions of law related thereto may be used in any manner by either Party in any action, suit, or proceeding as evidence of the respective rights, liabilities, duties, or obligations of the Parties.

3. <u>Assignment of Judgment</u>. Upon entry of an order approving this Agreement in the Bankruptcy Case, the Trustee agrees that the bankruptcy estate's interest in the Judgment shall be deemed assigned, transferred and otherwise delivered to, and for the benefit of, Armstrong.

4. <u>No Representations or Warranties.</u> The Trustee makes no warranty, representation or guarantee, express or implied, as to any matter with respect to the Judgment. The sale and assignment of the bankruptcy estate's interest in the Judgment shall be "AS IS, WHERE IS."

5. <u>Higher and Better Offers</u>. This Agreement is subject to higher and better offers.

6. <u>Attorneys' Fees</u>. If a Party brings an action concerning the construction, or performance of this Agreement, the prevailing Party shall be entitled to recover all costs and expenses incurred by that Party, including reasonable attorney fees.

7. <u>Neutral Interpretation</u>. Each Party to this Agreement agrees that the provisions contained herein shall not be construed in favor of or against any Party because that Party or its counsel drafted this Agreement, but shall be construed as if all Parties prepared this Agreement, and any rules of construction to the contrary are hereby specifically waived. The terms of this Agreement were negotiated at arm's length by the Parties hereto.

8. <u>Successors</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective agents, servants, employees, contractors, subcontractors, attorneys, insurers, predecessors and successors in interest, assigns, and all other persons, firms, or corporations claiming by or through the Parties.

9. <u>Entire Agreement</u>. This Agreement embodies the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof. No statement, representation, warranty, covenant, or agreement of any kind not expressly set forth in this Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Agreement.

10. <u>Modification</u>. No modification, amendment, or waiver of any provision of this Agreement shall be effective unless it is written and signed by all Parties. Any Party's failure at any time to enforce any of the provisions of this Agreement shall in no way be construed as a

2

waiver of such provisions and shall not affect such Party's right thereafter to enforce each and every provision hereof in accordance with its terms.

11. <u>Choice of Law</u>. This Agreement and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the laws of the State of Utah.

12. <u>No Admission or Waiver</u>. The Parties further acknowledge and agree that all undertakings and agreements contained in this Agreement have been agreed to in good faith and solely for the purpose of effectuating a voluntary resolution to the Parties outstanding claims and shall not be deemed to constitute an admission or concession by any of them for any purpose, nor shall such undertakings and agreements or this Agreement itself be deemed to constitute a waiver of any legal position of any theories or defenses that any of the Parties might assert in any context.

13. <u>Severability</u>. In the event that any representation, warranty, acknowledgment, covenant, agreement, clause, provision, promise, or undertaking made by any party contained in this Agreement is deemed, construed, or alleged to be illegal, invalid, or unenforceable under present or future laws, in whole or in part, the Parties acknowledge that each and every other term of this Agreement shall remain valid and enforceable.

14. <u>Counterparts and Delivery</u>. This Agreement may be executed in counterparts and counterparts containing the signatures of all Parties shall represent one and the same agreement. This Agreement may be transmitted electronically, and delivery of an electronic signature will have the same effect as an original signature.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the last date written below.

DATED: 5-1-13          _____
                        Don Armstrong

DATED: May 1, 2013     TRUSTEE:

                        _____
                        Gary E. Jubber, solely in his capacity as chapter 7
                        trustee of the BRM Family, LLC bankruptcy estate

3

# EXHIBIT A
(Judgment)

4835-5756-4947, v. 2

**The below described is SIGNED.**

Dated: August 15, 2012

R. KIMBALL MOSIER
U.S. Bankruptcy Judge



Gary E. Jubber, A1758
Ashton J. Hyde, A13248
FABIAN & CLENDENIN
 A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone: (801) 531-8900

*Attorneys for Gary E. Jubber, Chapter 7 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>BRM FAMILY, LLC,<br><br>   Debtor. | Bankruptcy Case No. 09-21687<br>(Chapter 7) |
| GARY E. JUBBER, Chapter 7 Bankruptcy Trustee,<br><br>   Plaintiff,<br><br>v.<br><br>BENJAMIN R. MAGELSEN and JESSICA L. MAGELSEN,<br><br>   Defendants. | **JUDGMENT**<br><br>Adversary Proceeding No. 10-02709<br><br>Honorable R. Kimball Mosier |

On August 9, 2012 this Court entered its *Order Granting Partial Summary Judgment*

[Docket No. 27] (the "**Order**").  In the Order, the Court avoided certain transfers between BRM

Filed: August 14th, 2012

Family, LLC (the "**Debtor**") and Defendants Benjamin R. Magelsen and Jessica L. Magelsen. In the Order, the Court further entered judgment against the Defendants in favor of the Gary E. Jubber, the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "**Trustee**"). Thereafter, the Trustee filed his *Motion for Entry of Final Judgment and Dismissal of Remaining Claims* (the "**Motion**"). Based upon the Motion and good cause appearing thereof, the Court does

HEREBY ORDER, ADJUDGE AND DECREE that:

1. Final judgment is hereby entered in favor of the Trustee against Benjamin R. Magelsen and Jessica L. Magelsen, jointly and severally, in the amount of $135,000.00, with interest to accrue from and after the date of this judgment in accordance with applicable law; and

2. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure, all remaining claims asserted in the above-captioned adversary proceeding are hereby dismissed without prejudice.

**[END OF DOCUMENT]**

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that on the ____ day of _____, 2012, I caused the foregoing document to be filed electronically via the electronic filing system of the United States Bankruptcy Court for the District of Utah, which caused a true and correct copy of the foregoing to thereafter be served electronically via the Bankruptcy Court's ECF noticing system upon those parties registered to receive electronic service in this case.

I further certify that on the ____ day of _____, 2012, I caused a true and correct copy of the foregoing to be served on the following by regular, first class United States mail, postage fully pre-paid, addressed as follows:

Steven R. Bailey  
Chapter 7 Trustee  
2454 Washington Blvd.  
Ogden, UT 84401  

Gary E. Jubber  
Ashton J. Hyde  
215 South State Street, Suite 1200  
Salt Lake City, UT 84111  

Benjamin R. Magelsen  
1459 E. Kristianna Cir.  
Salt Lake City, UT 84103  

Jessica L. Magelsen  
1459 E. Kristianna Cir.  
Salt Lake City, UT 84103  

_____

4843-7118-2608, v. 1

3